JOSEPH BRADSTREET, petitioner for review, *vs.* JAMES PARTRIDGE.

*Petition for review.   Writ of review.   Practice.*

A petition for the review of an action is to be served and entered as an independent proceeding.

If a writ of review be granted, the order is entered under the entry of the petition, and all further proceedings under the petition are ended.

No final judgment can be rendered under the petition so long as it is continued.

A writ of review cannot be sued out until final judgment on the petition.

A writ of review may be sued out at the next term after final judgment on the petition.

A writ of review must be made a new entry, and it cannot be entered, heard, or determined under the petition.

ON REPORT.

KENT, J.   A petition for a review was entered at April term, 1869; granted at August term, 1869; writ of review sued out, and served and entered as a new entry, Dec. term, 1869, the former entry of the petition for review remaining on the docket by continuance.   At the April term, 1870, by direction of the presiding judge, the entry of the writ of review was dismissed or made a misentry, he having directed that the case on review should proceed under the entry of the petition, and be tried and determined under that entry.   At the next term, August, 1870, the defendant moved that the original petition be dismissed, as remaining on the docket by inadvertence or mistake.   This motion was overruled, and exceptions filed and allowed.   At the December term, 1870, the plaintiff, in review, moved for trial and offered testimony.

" The justice presiding, having doubts of the propriety of trying the action of review, under the entry of the petition for review, the facts are reported to the full court ; they to direct such disposition of the case as the rights of the parties require."

In our practice a petition for a review is not, in itself, a review of the action named.   A review, when granted, is not in the nature of a writ of error to reverse a judgment for errors in the record of law or fact.   It assumes that the former judgment is to stand, but

allows the party to review the action, and to obtain, if he can, a new judgment in his favor, equal to the former judgment against him, or to some part of it. The statute points out the mode by which one judgment can be offset against the other, in whole or in part. If the first judgment has been paid, the new judgment stands in force and is to be collected as any original judgment may be. It being, then, a new and independent action, the writ of review is to be regarded as the foundation of the action, and the case is to be entered, heard, and determined on that writ, under the old pleadings, generally, as provided by the statute. It is not in court, by the bringing forward of the old action, to be tried anew. Nor is it, properly speaking, a new trial granted, as in a case before final judgment.

The legislature was aware that cases would arise where a writ of error would not enable the party to obtain right and justice, and also that after final judgment, with or without satisfaction, it would be too late to grant a new trial in that action or under that entry on the docket. The provision was, therefore, made for a review, in the discretion of the court, within a limited time. But this is not now a matter of right. A party cannot sue out a writ of review at his own motion, as he can an original writ.

He must first apply to the court, by petition, praying for liberty to sue out such writ of review. This petition is to be served and entered as an independent proceeding. If denied, it is dismissed from the docket. If granted, the order is made under the entry of the petition, and in either case the petition has answered its purpose, and all proceedings under the same are ended, and it should not be brought forward on the docket of the next term. If the prayer is sustained, the party sues out his writ of review, as before explained. This should be entered as a new action, and cannot properly be entered or heard or determined under the entry of the petition for review. There would be great difficulty in making up a judgment, after a trial of the new case, under the petition.

If this case, under the petition for review, had not been con-

tinued, the suing out and entering of the writ of review would have been regular. But the continuance of the case, after the entry of review granted, operated to prevent a final judgment at the term, and so long as it was kept on the docket by continuance. The writ of review could not be legally sued out, until final judgment was rendered and the case, under the petition, ended. The entry, therefore, of the writ of review was erroneous, as no final judgment of the court had authorized it. As long as the petition remained finally undisposed of, the entry might be changed or altered by the court. That case, under the petition, is yet on the docket, undisposed of. But no action can be had under it, by which an action, as under a writ of review, can be tried. But the petitioner can have that case, under the petition, determined by entry of final judgment. He may then sue out his writ of review at the next term after such judgment is entered upon the petition.

*The case is remanded to the court at nisi prius, to be disposed of in accordance with this opinion.*

APPLETON, C. J.; CUTTING, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.

*Tallman & Larrabee*, for the defendant.